**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3234

_____

HONORABLE MICHAEL C. DUNSTON,
in his official capacity as Presiding Judge
of the Superior Court of the Virgin Islands

v.

GOVERNOR OF THE VIRGIN ISLANDS;
HAROLD W. WILLOCKS, strictly as interested party,

Governor of the Virgin Islands,
Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 1-16-cv-00038)
District Judge: Honorable Curtis V. Gomez

_____

Argued December 13, 2016
Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Opinion Filed:  December 22, 2016)

Geoffrey P. Eaton [Argued]
Steffen N. Johnson
Andrew C. Nichols
Winston & Strawn LLP
1700 K Street NW
Washington, DC 20006

Claude E. Walker
Pamela R. Tepper
Su-Layne U. Walker
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802
         *Counsel for Appellant*

Edward L. Barry [Argued]
2120 Company Street
Christiansted, VI 00820
         *Counsel for Appellee*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Virgin Islands Governor Kenneth Mapp appeals a judgment of the District Court enjoining him from removing Michael Dunston as Presiding Judge of the Superior Court of the Virgin Islands. Because subsequent legislation has rendered this case moot, we will dismiss the appeal.

On June 16, 2016, Governor Mapp informed Judge Dunston that he would be removed as Presiding Judge in favor of Judge Harold Willocks. Governor Mapp sent a letter the following day informing Judge Dunston that the removal would be effective June 25, 2016 at 11:59 p.m. In response, Judge Dunston filed a complaint with the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

District Court under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that the Governor's attempt to remove him violated local law and the Revised Organic Act, 48 U.S.C. §§ 1541–1645 and an injunction preventing his removal. On June 24, the Court entered a temporary restraining order enjoining the Governor from removing Judge Dunston until July 8, and later extended that order to July 22. On July 22, the District Court issued a permanent injunction preventing the Governor from removing Judge Dunston, finding that Governor Mapp's asserted authority would violate separation of powers principles implicit in the Revised Organic Act.

The Virgin Islands Legislature has since passed, and the Governor has approved, Act No. 7888. As relevant to this appeal, that Act provides: "The Presiding Judge of the Superior Court holding office on the effective date of this Act may continue to serve as Presiding Judge until the expiration of the current six-year term as a Superior Court Judge." App. 198. The Act further provides, "[n]othing contained in this title may be construed to grant authority to the Governor of the Virgin Islands to remove . . . the Presiding Judge of the Superior Court of the Virgin Islands." App. 199.

"Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies." *Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman*, 237 F.3d 186, 192–93 (3d Cir. 2001). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate[,] . . . [and] the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal

3

quotation marks and citations omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (internal quotation marks omitted).

By virtue of the District Court's temporary restraining order and injunction, Judge Dunston was never removed from his role as Presiding Judge.[1] Therefore, he was the Presiding Judge "holding office on the effective date of [the] Act." As such, he is entitled to serve the remainder of his six-year term. Whatever the merits of Governor Mapp's argument that he previously was authorized to remove Judge Dunston, he lacks that authority today. Therefore, we are no longer capable of granting any effectual relief to Governor Mapp regarding his attempt to remove Judge Dunston. Because this appeal presents no live case or controversy, we will dismiss it for lack of jurisdiction.

---

[1] Mapp argues that the equitable relief the District Court granted Dunston was ineffectual for want of jurisdiction. We disagree because the District Court had federal question jurisdiction over the interpretation of the Revised Organic Act—a federal law—pursuant to 28 U.S.C. § 1331. *See Kendall v. Russell*, 572 F.3d 126, 131, n.4 (3d Cir. 2009) (striking down an act providing for removal of Superior Court judges as violating separation of powers principles in the Revised Organic Act).

4